UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-24068-GAYLES

**TASH JERNAZIAN**,

    Plaintiff,

v.

**OFFICE OF THE CITY ATTORNEY**, *et al.*,

    Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Tash Jernazian, appearing *pro se*, filed this action on October 24, 2023, against the "Office of the City Attorney." [ECF No. 1]. The Complaint was dismissed on October 27, 2023, because it provided no factual support for Plaintiff's claims. [ECF No. 4]. On December 12, 2023, Plaintiff filed a motion to proceed *in forma pauperis*. [ECF No. 5]. Thereafter, Plaintiff filed a Second Amended Complaint[1] asserting claims against the Office of the City Attorney and the United States Post Office. [ECF No. 7].

Because Plaintiff is moving to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

---

[1] Contrary to the title, it is Plaintiff's first amended complaint.

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Like his original Complaint, Plaintiff's Second Amended Complaint contains no details or factual allegations to support his claims. Plaintiff alleges that Defendants violated, *inter alia*, his constitutional rights by fencing off his mailbox, denying him "access to the United States postal mail service," denying him "access to the courts," and using "an act of malice, to quash a lawsuit or multiple lawsuits." [ECF No. 7]. Plaintiff also claims that Defendant "attempted to turn (transmogrify) a civil matter into a criminal matter," prevented Plaintiff from "collecting money [he] had the right to collect," blocked Plaintiff from "receiving welfare benefits guarantee[d] by state and federal law," and blocked Plaintiff from receiving any mail. *Id.* However, the Second Amended Complaint provides no factual support for those conclusory allegations. Indeed,

Plaintiff's frivolous allegations lack merit in law and plausible fact. Moreover, it is unclear whether this Court has jurisdiction over Plaintiff's claims. Even under the relaxed pleading standards for *pro se* litigants, Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Therefore, this action shall be dismissed with prejudice for failure to state a claim and for lack of subject matter jurisdiction.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Second Amended Complaint, [ECF No. 7], is **DISMISSED without prejudice**.
2. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of February, 2024.

---

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has also once again failed to file a civil cover sheet in violation of Southern District of Florida Local Rule 3.3.